NOT FOR PUBLICATION

## UNITED STATES COURT OF APPEALS

## FOR THE NINTH CIRCUIT

FILED

MAR 18 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JOHN KAPUA,

        Plaintiff - Appellant,

v.

UNITED STATES OF AMERICA,

        Defendant - Appellee.

No. 24-7646

D.C. No.
3:24-cv-00357-AN

MEMORANDUM*

Appeal from the United States District Court
for the District of Oregon
Adrienne C. Nelson, District Judge, Presiding

Argued and Submitted February 2, 2026
Portland, Oregon

Before: CHRISTEN, HURWITZ, and DESAI, Circuit Judges.

John Kapua appeals the district court's dismissal of this Federal Tort Claims

Act ("FTCA") action for lack of subject matter jurisdiction. We have jurisdiction

under 28 U.S.C. § 1291. We review de novo, *Alaska v. Babbitt*, 38 F.3d 1068, 1072

(9th Cir. 1994), recognizing that the "FTCA's waiver of sovereign immunity is

---

    *     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

strictly construed in favor of the sovereign," *FDIC v. Craft*, 157 F.3d 697, 707 (9th Cir. 1998). We affirm.

1.      This suit involves a collision between a United States Postal Service ("USPS") vehicle and Kapua, who was riding his bicycle. As a result of the collision, Kapua's bicycle and clothing were damaged and he suffered various personal injuries.

Kapua's counsel sent a "Tort Claim Notice" to USPS seeking $675.42 in property damage. The letter informed USPS that Kapua "would like to resolve the property damage portion of the claim right away" before making a claim for personal injuries. USPS responded with a letter stating:

> Enclosed please find a check in the amount of $675.42 made payable to you in full and final settlement of the above referenced administrative claim for property damage.

> Acceptance of this check operates as a complete release and bars recovery of any additional or future claims against the United States, the United States Postal Service, and/or government employee(s) whose act(s) or omission(s) gave rise to the claim by reason of the same subject matter. Any subrogation claims, liens, or outstanding indebtedness, resulting from this incident must be satisfied from the proceeds of this check.

Kapua cashed the check without responding to USPS but later submitted a Standard Form 95 ("SF 95") seeking $30,916.80 for personal injuries. USPS refused to consider the personal injury claim, asserting that by accepting the check Kapua had released all additional or future claims arising from the bicycle accident.

2. The USPS letter sent to Kapua in response to his initial demand provided that "[a]cceptance of this check operates as a complete release and bars recovery of any additional or future claims . . . by reason of the same subject matter." The "subject matter" here is the bicycle accident, and Kapua's personal injury claim accrued "by reason of" that accident. Thus, even if Kapua's original letter to USPS was an offer to settle only the property damage claim, the USPS response was a counteroffer to release all claims arising from the accident in return for payment of the property damage claim. *See* 28 U.S.C. § 2672 (providing that for FTCA claims, "acceptance by the claimant of any such award, compromise, or settlement shall be final and conclusive on the claimant, and shall constitute a complete release of any claim . . . by reason of the same subject matter"). By cashing the check, Kapua accepted the counteroffer.

3. Kapua's argument that a valid release of FTCA claims requires a signed settlement agreement or SF 95 was not raised before the district court and is therefore forfeited. *See One Indus., LLC v. Jim O'Neal Distrib., Inc.*, 578 F.3d 1154, 1158 (9th Cir. 2009) ("A party normally may not press an argument on appeal that it failed to raise in the district court."). In any event, administrative settlements of less than $2,500 do not require a signed writing. *See* 28 C.F.R. § 14.10(a); *see also Teledyne Mid-Am. Corp. v. HOH Corp.*, 486 F.2d 987, 993 (9th Cir. 1973) (noting rule that

"the cashing of the check . . . is sufficient an act of dominion to constitute . . . acceptance" of an offer and its accompanying terms (cleaned up)).

**AFFIRMED.**